122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michaela Chavez VILLALON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71104, Axs-mri-mtr.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals.
 
 
 2
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Michaela Chavez Villalon, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h) based on an adverse credibility finding. We have jursidiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Villalon contends that because she adequately explained the discrepancies between her asylum application and her testimony, the BIA's adverse credibility finding is not supported by substantial evidence. This contention lacks merit.
 
 
 6
 We review credibility findings for substantial evidence and uphold the findings unless the evidence compels a reasonable factfinder to reach a contrary result. See Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997). Although adverse credibility determinations are afforded substantial deference, the findings must be supported by a specific, cogent reason for the disbelief. See id.
 
 
 7
 To be eligible for asylum, a petitioner must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A) (West Supp.1997). A well-founded fear of future persecution must be subjectively genuine and objectively reasonable. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). A petitioner's candid, credible and sincere testimony demonstrating a genuine fear satisfies the subjective component of the well-founded fear standard. See id.
 
 
 8
 The BIA found support for the adverse credibility determination based on Villalon's failure to include the fact that she was beaten by the NPA guerillas in Manila in her asylum application or her interview, although she testified about the beating at the deportation hearing. The BIA further found that Villalon failed to explain adequately why she testified about the beating but had not mentioned it in her asylum application or interview.
 
 
 9
 Evidence that Villalon was beaten by NPA guerillas because she was a member of a civilian defense organization involves "the heart of [her] asylum claim" and provides crucial support for her claim that she was persecuted. See Leon-Barrios, 116 F.3d at 393-94 (internal quotations and citation omitted). The BIA's reason for its adverse credibility finding is cogent: Villalon's explanation that she was afraid to mention the beating in her asylum application and her interview is unconvincing. See id. at 394. Thus, there is substantial evidence to support the adverse credibility finding. See id. Accordingly, Villalon failed to satisfy the subjective component of the well-founded fear standard for asylum. See Berroteran-Melendez, 955 F.2d at 1257-58.
 
 
 10
 Because Villalon failed to satisfy the standard for asylum, she necessarily failed to satisfy the more rigorous standard for withholding of deportation. See Leon-Barrios, 116 F.3d at 394.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3